THE WIGGINS FERRY COMPANY

v.

ARTHUR HEILIG.

*Master and Servant—Personal Injury—Order of Vice-principal.*

In an action brought by a servant to recover for personal injuries alleged to have been suffered by him through obeying the order of his employer's vice-principal to splice a rope at a certain time and place, this court holds, in view of the evidence, that the judgment for the plaintiff can not stand.

[Opinion filed June 21, 1892.]

APPEAL from the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. CHARLES W. THOMAS, for appellant.

Messrs. MARTIN D. BAKER and B. H. CANBY, for appellee.

SAMPLE, J. This suit was brought by appellee to recover damages for a personal injury. His duty was to guide and handle a rope that passed around a winch or windlass on a pile driver. The appellant was engaged in putting in piles at the foot of Mound street, at the city of St. Louis. At the time of the accident, a pile, some forty feet in length, was being dragged to its proper place by a rope that was tied around it, extending thence to a single block that was fastened near to the point where the pile was to be driven, and thence extending over a pully at the top of the derrick of the pile driver, thence to and around the winch managed by the appellee. The main rope in use was not of sufficient length, and it had to be lengthened by tying another rope to it. The sub-foreman, Stephen Hines, ordered appellee to tie a short rope to what is called the winch end of the main rope, to which appellee made some objections, suggesting that it had better be tied at the pile end, without stating why he thought

so. The appellee, however, obeyed the order as given. He put the shorter rope after it was tied, around the winch and started the engine which operated the winch. As the winch revolved the pile was drawn toward its place and also the splice made by tying the two ropes together approached the winch. In making this splice there were several feet of the end of the main rope that dangled. As the winch revolved, bringing the spliced portion of the rope to it, the appellee gave the short part of the rope or the loose end to another, and attempted to pass the spliced portion under and around the winch by shoving it with his hands while the winch was in motion, so that he might get a turn of the main rope around it, when the left sleeve arm of his coat was caught and his arm was pulled under and between the rope and winch, and broken in two places. The negligence alleged is the order of the foreman in requiring appellee to splice the main rope at the winch end instead of the pile end, which, it is alleged, caused the injury "by reason of the fact that when, by the revolution of the windlass, the end of the long line was reached, it became and was necessary, and was the duty of the plaintiff, to untie and take off the short line and attach the end of the long line to the windlass, which was dangerous to the plaintiff while the windlass was revolving." That the foreman gave the order as alleged is undisputed; that he did not at least expressly order how or the manner in which the rope should thereafter be operated is also undisputed; it is claimed, however, that the order implied that appellee should keep the winch in motion until, by its revolution, the end of the main line should be coiled around the winch one or more times. This is denied by appellant. The life of this case under the evidence is whether it was necessary, in order for the appellee to obey the order of the foreman, to keep the winch in motion until a turn was taken around it with the end of the long or main rope. There is a *quere* whether the declaration so states the case. It does aver that the appellee, in order to comply with the order, had to untie and take off the short line and attach the end of the long line to the winch, but it does not, at least expressly,

aver that this had to be done while the winch was in motion. It does, however, aver that it was dangerous to do so at such time. However, taking the case as made by the evidence, and it appears that it was the usual practice in the operation of this driver to splice the long rope at the winch end, whatever may have been the practice of others, and that the appellee was familiar with that custom as it had frequently been done by himself, he, as he states, having had a number of years' experience in that line of business. There is no evidence to show that prior to this accident the practice, of itself, was attended with danger. In saying this we do not overlook the evidence of Charles Hainer, who claims to have told Hines a week before the accident not to put the short rope at the winch end; if this statement is given full force it only indicates, in connection with the incident that called it forth, that to splice at that end was liable to create trouble by getting the rope entangled in the spool or winch head. We do not think that under the evidence in this case the order of itself shows negligence. Outside of the implication heretofore mentioned, in the very nature of the case it could not be negligent, for it did not involve the appellee in the slightest danger. To either tie or untie the ropes was not perilous, as the engine would be stopped at such time in either case. The cause of the injury and the negligence that contributed directly to it, was in shoving the spliced portion under the winch while it was in motion. Did the order of the sub-foreman, Hines, imply that the rope when spliced should be so operated? He says it did not. There is nothing in the terms of the order itself to indicate that it did. Neither is there any evidence to show that appellee was ever ordered to operate it in that way. It appears from the evidence without dispute that the operator of the winch operated or controlled the operation of the engine which was only four or five feet from his position. It is true that appellee testified that it was the usual custom not to untie the ropes until the long rope had been passed around the winch one or more times, but he further testified in the same connection that this was done "so we could hold the

strain." In this instance the pile was being dragged to its place on the ground, and all the witnesses who were asked, testified that in such case there would be no strain on the rope. This he certainly knew as well as any one, in view of his long experience in that line of work. So that neither by the terms of the order, nor the character of the particular work in which appellee was engaged at the time of his injury, can it be claimed that the implication of the foreman's order was that the rope should be passed around the winch while it was in motion. If these conclusions are correct, then on this record there can be no recovery, as the order alone is the basis of the action. The judgment is reversed and the cause remanded.

*Reversed and remanded.*